UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60624-CIV-ZLOCH

LAUREN SCOTT,

    Plaintiff,

vs.                                              **O R D E R**

PUBLIX SUPERMARKETS,

    Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff Lauren Scott's Motion To Compel (DE 56).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    On or about July 6, 2007, Plaintiff propounded her Requests For Production to Defendant.  At issue is Request number 1, wherein Plaintiff requested "[a]ny and all personnel files or documents . . . concerning Mr. Isaac Coen."  DE 62, Ex. C, p. 2.  Defendant served its Response to said Requests in August of 2007.  With regard to Request number 1, Defendant objected on numerous grounds.  However, Defendant offered to produce the "non-privileged personnel file documents related to discipline, commendations, applications, performance evaluations and any matters related to Plaintiff subject to discovery and responsive to this request."  Id. p. 3.  The Court finds this to be a proper Response to Request For Production number 1, which was overbroad.  See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1034 (9th Cir. 1990) (finding no abuse of

discretion in denying discovery request for all personnel files because "[f]ocused discovery could have been employed") cited with approval in R.M.R. ex rel. P.A.L. v. Muscogee County School Dist., 165 F.3d 812, 817 (11th Cir. 1999).

On March 24, 2008, Plaintiff began her deposition of Isaac Coen.  During the course of said Deposition, it became obvious that Coen's personnel files turned over to Plaintiff were incomplete. Counsel for Plaintiff and Coen engaged in an extended dialogue regarding Coen's evaluations and employment reviews contained in his personnel file.  DE 59, Ex. A, pp. 125-51.  The import of that discussion was that many of the reports and evaluations, which purport to be regular and timely, were not disclosed to Plaintiff. Indeed, there were numerous gaps between the six-month and one-year evaluations longer than those periods.

By the instant Motion (DE 56), Plaintiff seeks an Order from the Court compelling Defendant to turn over additional discovery material, namely those portions of Isaac Coen's personnel file from Publix Supermarkets not already turned over.  In its Response (DE 62), Defendant states clearly and unequivocally that there are no personnel documents falling within the category of those Defendant promised to disclose that have not been disclosed.  Attached to said Response is the declaration of Deanne Volheim, in which she recounts her diligent search through records and inquiry with individuals likely to know whether and where additional files on Isaac Coen are kept.  See DE 62, Ex. E.

In this posture, the Court must rely on the transcript of Coen's deposition and the representations of counsel to determine the proper course of action.  While it is patently obvious that Coen's personnel file is riddled with cavities, it does not strike the Court that any gamesmanship is taking place.  The materials sought by the instant Motion cover a span of nearly thirty years, and it is not implausible that some of these regular evaluations have been lost or were never made.  Therefore, the Court shall deny the instant Motion and take Defendant at its word.  The Court reminds Defendant's Counsel that they hold their integrity in their own hands, and that is a thing not easily found once lost.

The Court finds that reasonable people could differ as to the appropriateness of the discovery requests resolved in this Order. See Pierce v. Underwood, 487 U.S. 552, 565 (1988).  Accordingly, no attorney's fees shall be awarded.  Fed. R. Civ. P. 37(a)(5)(A)(ii).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Lauren Scott's Motion To Compel (DE 56) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of April, 2008.

                                                WILLIAM J. ZLOCH
                                                United States District Judge

Copies furnished:

All Counsel of Record