UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60624-CIV-ZLOCH

LAUREN SCOTT,

      Plaintiff,

vs.                                              **O R D E R**

PUBLIX SUPERMARKETS,

      Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff Lauren Scott's Motion For Sanctions Or In The Alternative For An Order Extending The Date Within Which To Mediate (DE 81). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    By the instant Motion (DE 81), Plaintiff seeks an Order from this Court sanctioning Defendant or, in the alternative, compelling Defendant to attend mediation. By prior Order (DE 6), the Court ordered the Parties to participate in mediation no later than one week before Pre-trial Conference. DE 6, ¶ 1. The Pre-trial Conference was scheduled for Friday, May 23, 2008, giving the Parties a deadline of Friday, May 16, 2008, to mediate. The deadline to agree upon a mediator was fifteen days after the entry of said Order, and at least ten days prior to the mediation date the Parties were to present their briefs to the mediator. Id. ¶¶ 2, 6. Said Order placed the responsibility of scheduling mediation on Plaintiff's Counsel. Id. ¶ 2. Therefore, Plaintiff's proper scheduling would have triggered compliance with all of these dates; however, Plaintiff has ignored these deadlines.

Despite being ordered to agree on a mediator and schedule mediation eleven months ago, it was only last week that Counsel for Plaintiff sought fit to raise the issue. Plaintiff's attempt to shift onto Defendant the blame for her own recent scheduling conflicts is unavailing. Her endeavor to schedule mediation without the agreement of Defendant is also in violation of this Court's Order. Id., ¶ 3 (requiring "a place, date and time for mediation convenient to the mediator [and] counsel of record").

Plaintiff's instant eleventh hour motion practice attempting to force mediation before Pre-trial Conference is made without even the semblance of an attempt to comply with this Court's Order Of Referral To Mediation (DE 6). Such conduct is sanctionable by both the terms of said Order and the Federal Rules. See DE 6, ¶ 7 ("[T]he Court may impose sanctions against parties and/or counsel who . . . violate the terms of this Order."); Fed. R. Civ. P. 16(f)(1)(C). Moreover, this is but a repetition of Plaintiff's disregard for this Court's prior Orders. See DE 60.

In addition, Plaintiff has failed to confer in good faith with Defendant in an effort to resolve the issues raised in the instant Motion. S.D. Fla. L.R. 7.3.A.3. While Plaintiff does indicate that she was in contact with Defendant regarding these issues, DE 81, ¶ 6, Defendant's Response (DE 86) and the Exhibits thereto make plain that Plaintiff made no timely good faith effort to resolve these issues. The Court finds that Plaintiff's failure to meet and confer in good faith, or unsuccessfully attempt in good faith to do so, inter alia, is "cause for the Court to . . . deny the motion and impose on counsel an appropriate sanction, which [will] include

an order to pay the amount of the reasonable expenses incurred because of the violation." S.D. Fla. L.R. 7.3.A.3.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to Local Rule 7.3.A.3, Plaintiff Lauren Scott's Motion For Sanctions Or In The Alternative For An Order Extending The Date Within Which To Mediate (DE 81) be and the same is hereby **DENIED**; and

2. On or before noon on Monday, June 2, 2008, Defendant shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3.B of the United States District Court for the Southern District of Florida establishing the fees and costs incurred as a result of Plaintiff's violation of this Court's prior Order (DE 6), Federal Rule of Civil Procedure 16(f)(1)(C), and Local Rule 7.1.A.3, including the fees incurred as a result of Plaintiff's filing and actions precipitating this Motion.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of May, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

3