UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60624-CIV-ZLOCH

LAUREN SCOTT,

       Plaintiff,

vs.                               **O R D E R**

PUBLIX SUPERMARKETS,

       Defendant.

_____/

THIS MATTER is before the Court upon Defendant Publix Supermarkets's Motion For Summary Judgment (DE 51). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff initiated the above-styled cause with the filing of her Complaint (DE 1) on May 2, 2007. Thereafter, she filed an Amended Complaint (DE 9, Ex. A), which alleges claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) (2006) (hereinafter "Title VII"), and the Florida Civil Rights Act, Fla. St. § 760.10(1)(a), (7) (hereinafter "FCRA"). Specifically, Plaintiff alleges that Defendant's actions, through its agents, created a hostile work environment by severe or pervasive acts of discrimination on the basis of her sex. Plaintiff also charges that after she complained of her discriminatory treatment, Defendant retaliated against her by denying a promotion, allowing coworkers to harass her, and transferring her to another store where she received lower earnings. In the instant Motion (DE 51),

Defendant argues that Plaintiff was not subjected to a hostile work environment, that she unreasonably reacted to any discriminatory actions taken against her, that its own reactions were prompt and reasonable, and that she suffered no adverse employment action that would support a charge of retaliation.  For the reasons more fully expressed below, the Court finds that Plaintiff was subjected to a hostile work environment.  In addition, the Court finds that Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior and that Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided to her.  Finally, the Court finds that genuine issues of material fact remain as to Plaintiff's retaliation claims.  Therefore, the Court shall enter partial summary judgment for Defendant.

## I. Background

Plaintiff began working for Defendant as a bagger in July of 2000.[1]  Over the course of several years, while working at Publix Store No. 342, she was promoted to cashier and then to customer service staff.  During her tenure as customer service staff, Plaintiff was subjected to an array of conduct by coworkers and supervisors that she complains created a hostile work environment.  Plaintiff complains that Noel Blake, Assistant Grocery Manager in Store No. 342, asked Plaintiff what she would do if he kissed her and what she would do if he walked her to her car, pressed her

---

[1]  Unless otherwise noted, these facts are taken from Defendant's Statement of Undisputed Material Facts (DE 52).

against it, and kissed her.  Plaintiff alleges that when she told
him she would turn away he replied, "No you wouldn't."  Plaintiff
also complains of the conduct of Isaac Coen, Store Manager of Store
No. 342, including ordering Plaintiff and others to give him back
rubs, slapping male employees in the groin with the back of his
hand in Plaintiff's presence, grabbing employees' posteriors in
Plaintiff's presence, and speaking to Plaintiff in a sexually
derogatory manner.  Isaac Coen admitted in his deposition to
slapping male employees in the groin with the back of his hand and
referring to Plaintiff as "Skinny."  Deposition of Isaac Coen, DE
70, Ex. A, pp. 33, 35, 41-42, 56, 59-60 (hereinafter "Coen Depo.").
Plaintiff also complains that at an employee appreciation barbeque
Isaac Coen threw water on the white shirt worn by a daughter of one
of Plaintiff's coworkers and said, "Who wants to see boobs?"
Deposition of Lauren Scott, DE 70, Ex. F, p. 58 (hereinafter "Scott
Depo.").

Plaintiff also makes the following further complaints about
Isaac Coen.  First, she claims that he would call across the
parking lot for her to lift up her shirt.  Additionally, he would
enter the store and proclaim that Plaintiff was outside in the lot
lifting up her shirt.  She did not lift up her shirt at these
times.  Second, Plaintiff testified that Coen would at various
times grab her waist and tell her that she was gaining or losing
too much weight.  Next, Plaintiff complains that Coen showed her a
magazine picture of an unattired Britney Spears and told Plaintiff
that is what she would look like naked.  Also, Plaintiff complains

that Isaac Coen would refer to her posterior, calling it her "can," in front of customers and talk about how it is getting larger or smaller. Scott Depo. p. 70.

Finally, Plaintiff makes an additional allegation of a statement made by Isaac Coen to Christy Sladek, a coworker, in Plaintiff's presence. The Court will not further sully the paper this Order is entered on by repeating the same here. See id. p. 131. Suffice it to say the allegation is of an alarming and rather nauseating incivility that clearly adds to the magnitude of Plaintiff's claim for hostile work environment sex discrimination.

Other than in a footnote, in its instant Motion For Summary Judgment (DE 51) Defendant does not argue that such conduct by Plaintiff's supervisors did not create a hostile work environment. DE 51, p. 2 n.2. For purposes of this Order, then, the Court will assume that Plaintiff was subjected to conduct sufficient to constitute hostile work environment sex discrimination.

Defendant maintained a sexual harassment policy in its employee handbook and made this available to employees. See Scott Depo., Ex. 30. The policy prohibited certain types of conduct in the workplace, including what would amount to sexual harassment. The policy informed employees that the nature of sexual harassment makes it difficult to detect, absent the harassed employee's notification to management. In an effort to create a competent method of dealing with complaints of sexual harassment, the policy required employees to report harassment to either their Store Manager, District Manager, or Association Relations Specialist.

The policy reiterated that these individuals have training to handle such complaints.  Id.

Plaintiff complained to Store Manager Isaac Coen about the incident with Noel Blake.  Coen spoke to Blake and issued him a counseling statement, ordering him both to hold conversations with Plaintiff in an appropriate manner and to refrain from retaliating against her.  Blake was later transferred to a different store. Regarding the conduct of Isaac Coen, Plaintiff complained to Grocery Manager Scott Seligman and Assistant Store Manager Barbie Nesevich.  After her complaints, Plaintiff requested and was denied a transfer into an open position in the pharmacy, where it was possible that she could have received higher pay; the position was filled by employees from other Publix stores.  Plaintiff later transferred to Store No. 12 to work in the pharmacy, where she stayed only a short time.  Her hours in the pharmacy were later eliminated, and she transferred to Store No. 703, where she remains.

Plaintiff initiated the above-styled cause on May 2, 2007, seeking redress for the harassment she suffered and for retaliation.  Plaintiff has exhausted her administrative remedies and has received a right to sue letter from the Equal Employment Opportunity Commission.  DE 1, Exs. A & B.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

if the pleadings, the discovery and disclosure materials

> on file, and any affidavits show that there is no genuine
> issue as to any material fact and that the movant is
> entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absenc'e of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted).  Indeed,

> the moving party bears the initial burden to show the
> district court, by reference to materials on file, that
> there are no genuine issues of material fact that should
> be decided at trial.  Only when that burden has been met
> does the burden shift to the non-moving party to
> demonstrate that there is indeed a material issue of fact
> that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof.  Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. <u>Hostile Work Environment</u>

In Counts I and III of her Amended Complaint (DE 9, Ex. A), Plaintiff alleges claims for hostile work environment sex discrimination in violation of Title VII and the FCRA.  In order to succeed on her claim for hostile work environment sex discrimination, Plaintiff must establish that she suffered "sexual harassment that is sufficiently severe or pervasive to alter the terms and conditions of" her employment.  <u>Nurse "BE" v. Columbia Palms West Hosp. Ltd. Partnership</u>, 490 F.3d 1302, 1308 (11th Cir. 2007).[2]  Defendant "avoids liability . . . if: 1) it 'exercised reasonable care to prevent and correct promptly any sexually harassing behavior'; and 2) the employee 'unreasonably failed to take advantage of any preventative or corrective opportunities [it] provided.'"  <u>Id.</u> at 1308-09 (citing <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 807 (1998) and <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 765 (1998)) (footnote omitted) (alteration in original).  Defendant bears the burden of establishing both of these elements as an affirmative defense.  <u>Nurse "BE"</u>, 490 F.3d at 1309.[3]

---

[2]  The Court looks to federal law in construing both Title VII and the FCRA.  <u>Wilbur v. Correctional Services Corp.</u>, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004) (citation omitted).

[3]  Plaintiff's only claim of discrimination is that she was subjected to a hostile work environment.  Plaintiff has not alleged a claim for discrimination by way of adverse employment action.  <u>See</u> Complaint, DE 9, Ex. A.

A. <u>Severe or Pervasive Conduct</u>

Plaintiff argues that Noel Blake sexually harassed her when he twice asked her what she would do if he kissed her.  Complaint, DE 9, Ex. A, ¶ 15.   Defendant sets forth in its Statement Of Undisputed Material Facts (DE 52) that this was the only instance of sexual harassment by Noel Blake.  DE 52, ¶ 6 (citing Scott Depo. p. 136), <u>see also</u> DE 51, p. 2.  Plaintiff conceded this fact at her deposition.  <u>See</u> Scott Depo. p. 136.  Plaintiff makes no argument to the contrary in either her Response (DE 69) or Supplemental Response (DE 83) to the instant Motion, but does assert in her Statement Of Undisputed Facts (DE 84) that Defendant's one instance argument regarding Blake's conduct is not true.  DE 84, ¶ 4 (citing Plaintiff Depo. pp. 88-90, 100-102).  However, Plaintiff's citation of her own deposition for this point does not support her assertion that there was more than one instance of sexual harassment by Noel Blake.  Rather, these portions of Plaintiff's deposition tend to support an argument that Plaintiff was treated less favorably on numerous occasions because of her complaints of harassment and not "because of [her] . . . sex."  42 U.S.C. § 2000e-2(a)(1) (2006). These portions of Plaintiff's deposition thus do not support a charge of sex discrimination.  Therefore, because Plaintiff has failed to controvert the material fact set forth by Defendant and supported by evidence in the record, it is deemed admitted.  S.D. Fla. L.R. 7.5.C.  Thus, there was only one instance of sexual harassment by Noel Blake: twice asking Plaintiff what she would do if he kissed her.

The requirement that conduct be severe or pervasive "tests the mettle of most sexual harassment claims." Gupta v. Fla. Bd. Of Regents, 212 F.3d 571, 583 (11th Cir. 2000).  The test has both an objective and subjective component, both of which must be satisfied. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (citing Harris v. Forklift Systems, 510 U.S. 17, 21-22 (1993)).  Objective severity or pervasiveness of conduct is judged by considering "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Reeves v. C.H. Robinson Worldwide, Inc., 525 F.3d 1139, 1145-46 (11th Cir. Apr. 28, 2008).

It is clear that the incident with Noel Blake was not objectively severe or pervasive.  It was only two questions asked in the same day, and was thus infrequent.  There is no indication in the record that Blake's conduct was severe or humiliating, but rather was an offensive utterance.  Finally, there is no indication that Blake's questions and statement unreasonably interfered with Plaintiff's job performance. Id.  Therefore, because the one incident with Blake was not severe or pervasive from the point of view of a reasonable person, without addressing Plaintiff's subjective view of the conduct, the Court finds that Blake's conduct alone did not rise to the level of severe or pervasive conduct.  Accordingly, there is no need to address Defendant's affirmative defense in response to Blake's conduct.  The Court will

construe Blake's conduct together with Coen's to determine whether Plaintiff was subjected to a hostile work environment.

With regard to Isaac Coen, the record is replete with examples of his indecorous behavior.  <u>See, e.g.</u>, Scott Depo. pp. 37, 58, 61-62, 70; Coen Depo. pp. 33, 35, 41.  Because it is unnecessary to the decision made herein, the Court will not belabor the point by repeating the same here.

In the instant Motion (DE 51), but for a one sentence footnote, Defendant does not argue that Plaintiff did not suffer sexual harassment sufficiently severe or pervasive to render her work environment hostile.  <u>See</u> DE 51, p. 2. n.2.  Rather, Defendant limits the hostile work environment portion of its Motion to asserting its affirmative defense under <u>Faragher</u> and <u>Ellerth</u> that it acted reasonably and Plaintiff did not.  With respect to Isaac Coen, such may not have been an unreasonable tactical decision, based on the severely perverted nature of his conduct.  Therefore, based on Defendant's drafting of the instant Motion (DE 51), the Court will assume for purposes of this Order that Plaintiff was subjected to severe or pervasive sexual harassment that rendered her workplace hostile.  The burden now shifts to Defendant to establish its affirmative defense.  To escape liability for the acts of its supervisors, Defendant must establish both that it exercised reasonable care to prevent and promptly remedy the harassing behavior and that Plaintiff unreasonably failed to take advantage of corrective measures provided.  <u>Faragher</u>, 524 U.S. at 807.

B. <u>Employer's Reasonable Care</u>

The first prong of the affirmative defense articulated by the Supreme Court in <u>Faragher</u> and <u>Ellerth</u> gives effect to the deterrence purposes of Title VII.  <u>Madray v. Publix Supermarkets, Inc.</u>, 208 F.3d 1290, 1297 (11th Cir. 2000).  In those two companion cases, the Supreme Court adopted common law agency principals to hold employers liable for the sexual harassment of subordinates by their superiors.  By encouraging reasonable conduct by employers, the affirmative defense allows truly blameless employers to escape liability for their errant managers' misbehavior.  <u>See id.</u> at 1296-97.

The crafting of a uniform policy outlining unacceptable conduct and procedures necessary to report the same is powerful evidence to support Defendant's satisfaction of the first prong of its affirmative defense.  Defendant has designed such a policy here.  In addition to detailing behavior expected of its employees, Defendant's policy names three specific individuals able to receive reports of sexual harassment.  These are the Store Manager, District Manager, and Associate Relations Specialist.  <u>See</u> Policy Statement on Harassment, Including Sexual Harassment, Scott Depo., Ex. 30.

The Eleventh Circuit has already approved a version of a sexual harassment policy created by Defendant.  <u>See Madray</u>, 208 F.3d at 1298-99.  In <u>Madray</u>, the policy designated multiple individuals capable of receiving notice of harassment.  These were the Store Manager, District Manager, and Divisional Personnel

Manager.  _Madray_, 208 F.3d at 1294.  The Store Manager in _Madray_ also was the harassing supervisor.  The Eleventh Circuit, following upon _Faragher_'s approval of an Equal Employment Opportunity Commission policy statement issued in 1990, approved of Publix's policy because it "provid[ed] to employees alternate avenues for lodging a complaint other than a harassing supervisor."  _Id._ at 1298.

In the instant action, Defendant's policy is materially indistinguishable from the that approved in _Madray_.  Here, as in _Madray_, Defendant's policy designated multiple individuals capable of receiving notice of harassment.  Here they were the Store Manager, the District Manager, and the Associate Relations Specialist.  Scott Depo., Ex. 30.  Also, in both cases, one of the individuals listed to receive notice, the Store Manager, happened to also be the harassing party.  _Id._ at 1298.  However, the policy here provides multiple other non-harassing individuals to whom an employee could complain.  Thus, notwithstanding that Isaac Coen was the Store Manager and able to receive complaints of harassment, Plaintiff could have contacted both the District Manager and her Associate Relations Specialist.  Scott Depo., Ex. 30.  The Court finds that this policy is a reasonable precaution taken by Defendant.  _Madray_, 208 F.3d at 1298-99.

It is not simply having a satisfactory policy, but the "dissemination of an employer's anti-harassment policy [that is] fundamental to meeting the requirement for exercising reasonable care in preventing sexual harassment."  _Madray_, 208 F.3d at 1298

12

(citing Faragher, 524 U.S. at 808).  That is, a defendant cannot craft the perfect reporting procedure and then withhold from its employees the protection afforded to them.  In the instant action, it is clear that Plaintiff was familiar with Defendant's policy on sexual harassment and the procedures for reporting its occurrence. Plaintiff testified regarding her understanding of the sexual harassment policy at the time of the relevant events.  Scott Depo. p. 43 ("At this point, I had -- I was under the impression that confidentiality was a big factor in this.").  Plaintiff was approached by Anita Gamble, a coworker who told Plaintiff that she knew about the harassment and about Plaintiff's complaints.  Ms. Gamble encouraged Plaintiff that "[i]t's about time somebody take the stand and do this for women."  Id. p. 42.  In the face of this sympathetic ear, Plaintiff remained silent "[b]ecause it states in the handbook if you make a complaint about sexual harassment, it will be kept confidential."  Id. p. 43.  Thus, at the time, she "was under the impression that confidentiality was a big factor." Id.  Therefore, because Plaintiff had received the policy or was otherwise knowledgeable of its contents at the relevant time, and not just at the time of her deposition, the Court finds that Defendant has satisfied its burden of taking reasonable care to prevent sexual harassment.  Madray, 208 F.3d at 1299.

In addition to taking reasonable care to prevent sexual harassment, the Faragher/Ellerth affirmative defense also requires an employer to act reasonably to promptly correct harassment. Faragher, 524 U.S. at 807.  However, an employer has no burden to

13

correct harassment if they do not have knowledge of the same. "[O]nce an employer has promulgated an effective anti-harassment policy and disseminated that policy and associated procedures to its employees, then 'it is incumbent upon the employees to utilize the procedural mechanisms established by the company specifically to address problems and grievances.'" Madray, 208 F.3d at 1301 (citing Farley v. American Cast Iron Pipe, 115 F.3d 1548, 1544 (11th Cir. 1997)).

Defendant's sexual harassment policy required that sexual harassment be reported to either a store manager, district manager, or associate relations specialist. Scott Depo., Ex. 30. Defendant has not identified any other employee, including mid-level managers, as authorized to receive reports of sexual harassment. Id.; Deposition of Kelly Puccio-Williams, DE 70, Ex. E, pp. 76-77. Even though Isaac Coen, Plaintiff's Store Manager, was the harasser, Plaintiff could have reported the conduct to two other specified individuals. It is undisputed that she never reported the harassment to either of these individuals. Scott Depo. pp. 68-70. The Eleventh Circuit has found that failure to report sexual harassment to the individuals identified in the policy, regardless of reports to mid-level managers, results in a finding that the employer was not on notice of the harassment. Madray, 208 F.3d at 1300 ("Therefore, we conclude that Publix cannot be considered to have been placed on notice of [the] harassing behavior by the plaintiffs' informal complaints to individuals not designated by Publix to receive or process sexual harassment complaints."). The

14

Court is compelled to make the same finding here: Defendant cannot be held to be on notice of the harassment of Plaintiff. Thus, Plaintiff's allegation that Defendant failed to react and correct harassment cannot be said to be unreasonable in light of Defendant's lack of notice of the same. Madray, 208 F.3d at 1301.

Although Plaintiff acknowledges that she did not satisfy the requirements of the sexual harassment policy, she argues that Defendant was on notice of the harassment because the Store Manager, Isaac Coen, had direct knowledge of the harassing conduct. She argues that because she complained to Coen about Blake and that Coen was the one later harassing her, his knowledge of the harassing conduct should be imputed to Defendant. In other words, it would be nonsensical to require Plaintiff to report Coen's conduct to Coen in order to put Defendant on notice. However, the Eleventh Circuit has already considered this exact factual scenario in Madray and gave no indication that it is a plausible interpretation of the Faragher/Ellerth affirmative defense. See Madray, 208 F.3d at 1298. In addition, Plaintiff's argument would morph Title VII into a strict liability statute, and this has been explicitly rejected by the Supreme Court. See Faragher, 524 U.S. at 792 (citing Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 72 (1986)).

Based on the undisputed material facts and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that Defendant has met the first prong of the Faragher/Ellerth affirmative defense. Id. at 807. First,

15

Defendant exercised reasonable care to prevent sexual harassment through the promulgation of its policy on sexual harassment. Second, it cannot be said that Defendant failed to meet its burden of promptly remedying the harassing behavior of which it was not aware. Defendant now bears the burden of establishing that Plaintiff unreasonably failed to take advantage of corrective measures provided. Id.

C. Employee's Reasonable Care

A defendant seeking to establish the second prong of the Faragher/Ellerth defense can point to any number of reasonable actions not taken by the employee. A defendant thus would not be limited to "showing an unreasonable failure to use [the] complaint procedure provided by the employer." Faragher, 524 U.S. at 807-08. However, "demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the [affirmative] defense." Id.

Plaintiff testified that at the relevant time she was familiar with Defendant's policy on sexual harassment. Scott Depo. pp. 42-43. This includes the procedure for reporting harassment. See Scott Depo., Ex. 30. However, she failed to report the harassing conduct to the appropriate individuals designated to receive such reports. Rather, Plaintiff only complained about the sexual harassment to Assistant Store Manager Barbie Nesevich and Grocery Manager Scott Seligman. Scott Depo. pp. 68-70. In other words, "despite knowing exactly who [she] should contact regarding sexual harassment, [Plaintiff] chose to complain informally to managers

16

that were not authorized to receive such complaints under the Publix sexual harassment policy." <u>Madray</u>, 208 F.3d at 1301.

Plaintiff's failure to satisfy <u>Faragher</u>'s requirement of giving the employer notice of the discrimination allows Defendant to establish its affirmative defense.   The Eleventh Circuit has counseled that "the problem of workplace discrimination . . . cannot be [corrected] without the cooperation of the victims, notwithstanding that it may be difficult for them to make such efforts." <u>Coates v. Sundor Brands, Inc.</u>, 164 F.3d 1361, 1366 (11th Cir. 1999).   The Court finds that Plaintiff's failure "to fulfill the corresponding obligation . . . to use any complaint procedure provided by the employer" was unreasonable. <u>Faragher</u>, 524 U.S. at 807-08.   Therefore, Defendant has established the second prong of its affirmative defense and will thus escape liability for Plaintiff's hostile work environment claim. <u>Madray</u>, 208 F.3d at 1302-03.

## IV. <u>Retaliation</u>

In Counts II and IV of her Complaint (DE 9, Ex. A), Plaintiff claims that Defendant retaliated against her in violation of Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a) (2006). That statute prohibits retaliation against an employee who has engaged in a protected activity: either in participating in a Title VII investigation or opposing an activity that Title VII proscribes. <u>Id.</u>

In the absence of direct evidence of retaliation, the burden of proof in Title VII cases is governed by the framework

established by the Supreme Court in <u>McDonnell Douglas Corp. v.</u> <u>Green</u>, 411 U.S. 792 (1973).  Plaintiff must first establish a <u>prima</u> <u>facie</u> case, which once established shifts the burden of production to Defendant to articulate a legitimate, non-discriminatory reason for the employment action.  If Defendant carries this burden, the ultimate burden of persuasion shifts back to Plaintiff to demonstrate that Defendant's stated reasons are pretext.  <u>Hairston</u> <u>v. Gainesville Sun Publ'g Co.</u>, 9 F.3d 913, 919 (11th Cir. 1993).

To establish a <u>prima</u> <u>facie</u> case of retaliation, Plaintiff must demonstrate that she participated in a Title VII investigation or opposed an activity made unlawful by Title VII, that she suffered an adverse employment action, and that there was a causal connection between the two.  <u>Hairston</u>, 9 F.3d at 919.

The Court notes, after a careful review of the entire court record herein, that genuine issues of material fact remain as to Plaintiff's retaliation claim.  It is undisputed that Plaintiff complained to numerous individuals of the sexually harassing conduct discussed above.  While she failed to complain to the appropriate personnel listed in Defendant's policy on sexual harassment, Title VII's opposition provision is not so limited. <u>See</u> <u>Bechtel Const. Co. v. Sec'y of Labor</u>, 50 F.3d 926, 931-33 (11th Cir. 1995) (adopting, using <u>Chevron</u> deference, the Secretary of Labor's interpretation of opposition activity to include informal complaints).

Though having opposed activity made unlawful by Title VII, genuine issues of material fact surround whether Plaintiff suffered

18

an adverse employment action.  For example, it is unclear whether the transfer into the pharmacy that Plaintiff was denied would have resulted in higher pay.  <u>See</u> Coen Depo. pp. 29, 94-95; Scott Depo. p. 95.  Thus, it is unclear whether the denial of the transfer into the pharmacy was an adverse employment action.  <u>Lulaj v. Wackenhut Corp.</u>, 512 F.3d 760, 765 (6th Cir. Jan. 11, 2008) (permitting a finding of an adverse employment action where the employee "was denied a promotion that carried better pay").  The question of whether this and other formal or official actions by Defendant were adverse employment actions is muddied by questions of fact.  Construing this ambiguity in the light most favorable to Plaintiff, the acts of retaliation she alleges appear to have a causal connection to her harassment complaints.  Therefore, summary judgment in favor of Defendant is not appropriate for most of Plaintiff's complaints of retaliation.

However, one area Plaintiff complains of does not support a finding of an adverse employment action.  Plaintiff complains of daily harassing actions by her coworkers, other than Noel Blake.  Such actions include the following: Plaintiff's picture was removed from a display of pictures of the staff viewable by the public, Plaintiff's name was scratched off an office calendar displaying the birthdays of office staff, Plaintiff's balloon was removed from a display of balloons naming donors to a charity drive, Noel Blake's picture was displayed in places where Plaintiff would see it after his departure, and various employees made sarcastic comments toward Plaintiff.  DE 69, p. 13-14.  These actions do not

rise to the level of behavior Title VII is meant to prohibit.  See
Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 67
(2006) ("An employee's decision to report discriminatory behavior
cannot immunize that employee from those petty slights or minor
annoyances that often take place at work and that all employees
experience."); see also Harris, 510 U.S. at 21-22.  Therefore, the
Court finds that Plaintiff has failed to establish a prima facie
case of retaliation based on the negative treatment by her
coworkers.  As stated above, Plaintiff has established a prima
facie case regarding her other complaints.

For those areas for which a prima facie case has been
established, Defendant has articulated legitimate, non-
discriminatory reasons for the actions taken.  However, Plaintiff
has come forth with enough evidence to demonstrate that genuine
questions of material fact surround whether Defendant's articulated
legitimate, non-discriminatory reasons its various actions were in
fact those relied upon.  See, e.g., DE 51, pp. 12-13; Deposition of
John Gradin Hardy, DE 82, Ex. A, pp. 45-46; see also Russell v.
Acme-Evans Co., 51 F.3d 64, 68 (7th Cir. 1995)("[P]retext means a
lie, specifically a phony reason for some action.").  These and
other questions of fact are left unanswered by the Exhibits and
Affidavits submitted herein.  Thus, other than retaliation by her
coworkers other than Noel Blake, the question of liability cannot
be answered as a matter of law as to Plaintiff's retaliation claims
upon the record as it stands now.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Publix Supermarkets's

20

Motion For Summary Judgment (DE 51) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent Defendant's instant Motion (DE 51) seeks summary judgment as to Counts I and III of the Amended Complaint (DE 9, Ex. A), it be and the same is hereby **GRANTED**;

2. Summary Judgment be and the same is hereby **ENTERED** in favor of Defendant Publix Supermarkets and against Plaintiff Lauren Scott as to Counts I and III of the Amended Complaint; and

3. In all other respects the instant Motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___28th___ day of July, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record