UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60624-CIV-ZLOCH

LAUREN SCOTT,

      Plaintiff,

vs.                                 **O R D E R**

PUBLIX SUPERMARKETS,

      Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Lauren Scott's Renewed Motion For Discovery Sanctions (DE 90). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

By prior Order (DE 72) the Court denied Plaintiff's Motion For Discovery Sanctions (DE 56). The basis of said Motion (DE 56) was Plaintiff's belief that Defendant withheld certain portions of Isaac Coen's personnel file in disclosing the same in the course of discovery. Specifically, Plaintiff made the Court aware that select evaluations of Coen by his District Managers in an otherwise continuous and regular stream of evaluations were not disclosed. The Court found it clear that certain evaluations were in fact not disclosed. However, the Court noted that it was plausible that certain otherwise routine evaluations of Coen were either never made or lost in good faith during the long period of time which they cover. As much was Defendant's position and it was supported by the declaration of Deanne Volheim, a Senior Human Resources Investigator for Defendant. DE 62, Ex. E.

By the instant Motion (DE 90), Plaintiff argues that further discovery has undermined the position taken by Defendant in response to the earlier discovery motion (DE 56). Plaintiff argues that the deposition testimony of Jack Hardy and Bryant Spears, successive District Managers for Defendant and Coen's supervisors, reveal that evaluations of Coen were made and the lot have been destroyed after they were requested by Plaintiff. However, nothing new has come to light. Bryant Spears testified that he did keep copies of evaluations he made, but that they were also sent to Defendant's corporate office in Lakeland. Deposition of A. Bryant Spears, DE 90, Ex. F, pp. 8-9. Defendant previously stated and the Court found that the relevant portion of the personnel file held at that office was turned over. See DE 62; DE 72; see also Declaration of Deanne Volheim, DE 62, Ex. E. In addition, Jack Hardy testified that, while he filled out an evaluation for Coen during the relevant time, he did not actually give the evaluation to Coen. Deposition of John Gradin Hardy, DE 90, Ex. G, p. 30 Thus, any draft evaluation made was not formally made a part of Coen's file and need not be preserved for future litigation. See 29 C.F.R. § 1602.14 (requiring preservation of the "employment record"); Rummery v. Ill. Bell Telephone Co. 250 F.3d 553, 558-59 (7th Cir. 2001) ("Employers are not required to keep every single piece of scrap paper that various employees may create during the termination process. It is sufficient that the employer retains only the actual employment record itself."). Any evaluator's opinion of Coen at various points in time can be brought out in

oral examination. Therefore, the Court has been presented with no new information to merit revisiting its prior ruling. Fed. R. Civ. P. 60(b) (allowing relief from a prior order of the court based on newly discovered evidence the discovery of which was not possible with reasonable diligence).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Lauren Scott's Renewed Motion For Discovery Sanctions (DE 90) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___6th___ day of August, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record